Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered January 11, 2013, convicting him of criminal possession of marijuana in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The County Court properly denied that branch of the defendant’s omnibus motion which was to suppress physical evidence (see People v Velasquez, 110 AD3d 835, 835-836 [2013]; People v Martinez, 187 AD2d 992 [1992]).
The defendant’s contention that he was deprived of a fair trial due to prosecutorial misconduct is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit (see People v Postell, 45 AD3d 609, 610 [2007]).
Contrary to the defendant’s contention, the record, viewed as *613 a whole, demonstrates that he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668, 687-694 [1984]; People v Benevento, 91 NY2d 708, 714 [1998]).
The defendant’s contention that the Trial Judge should have recused himself, sua sponte, is unpreserved for appellate review and, in any event, without merit (see People v Pearson, 78 AD3d 968, 969 [2010]; People v Doyle, 15 AD3d 674, 675 [2005]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Rivera, J.E, Balkin, Leventhal and Roman, JJ., concur.